# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| TRIPOLI ROCKETRY ASSOCIATION, INC., and NATIONAL ASSOCIATION OF ROCKETRY, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )    Civil Action No. 00-0273 (RBW) |
| BUREAU OF ALCOHOL TOBACCO & FIREARMS, | ) ) ) ) |
| Defendant. | ) ) ) |

_____)

## ORDER

The plaintiffs filed this action nine years ago challenging the defendant's regulation as an explosive under 18 U.S.C. § 841(d) (2006) a chemical compound known as ammonium perchlorate composite propellant ("APCP"), which is commonly used in the motors of hobby rockets.  After the Court ruled on the parties' initial cross-motions for summary judgment in this case, the plaintiffs appealed and the District of Columbia Circuit, reviewing the matter de novo, held that the defendant's classification of APCP as an explosive based on its determination that the substance functions by deflagration violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (2000), because the decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law, Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, 437 F.3d 75 (D.C. Cir. 2006).  The Circuit Court therefore remanded the matter to this Court "with instructions to remand the case to the agency for

further consideration consistent with [its] decision." Id. at 84.  The remand was ordered because the Court found that "[t]he agency ha[d] never provided a clear and coherent explanation for its classification of APCP." Id. at 81.  The Court further found that the agency "ha[d] never articulated the standards that guided its analysis" that would permit a court sitting in review to "determine whether [the defendant's] judgment reflect[ed] reasoned decisionmaking." Id.; see also April 20, 2006 Order.  In its October 13, 2006 memorandum the agency informed the Court that it had complied with the Circuit's mandate and was affirming its earlier decision to classify APCP as an explosive. Defendant's Notice of Agency Decision (Oct. 13, 2006).  The plaintiffs thereafter amended their complaint, the defendant filed its answer to the amended complaint, and both parties crossed-moved again for summary judgment on the certified administrative record.

The parties came before the Court on March 13, 2009, for a hearing on the parties' cross-motions for summary judgment.  Upon consideration of the parties' written submissions, the administrative record presented to the Court, the applicable legal authority, the oral arguments presented by the parties, and for the reasons expressed by the Court at the hearing on the motion, the Court finds that the agency's decision does not satisfy the standard for evaluating agency rulemaking because it was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706(2)(A).  Specifically, the defendant did not adequately explain why it came to the decision it did in light of contrary evidence in the administrative record submitted by the plaintiffs, which tended to show that APCP can burn at a rate lower than that which the defendant designated as the threshold, and "which, if true, . . . would require a change in

[the] proposed rule.'"  La. Fed. Land Bank Ass'n, FLCA v. Farm Credit Admin., 336 F.3d 1075, 1080 (D.C. Cir. 2003); see D&F Afonso Realty Trust v. Garvey, 216 F.3d 1191, 1195 (D.C. Cir. 2000) (quoting Public Citizen, Inc. v. F.A.A., 988 F.2d 186, 197 (D.C. Cir. 1993) ("'[t]he requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result . . . .'").  Here, the agency's shortcoming was its failure to articulate any rationale for finding that the relevant and significant evidence in the record that conflicted with its position was unpersuasive, which it seemingly out-of-hand dismissed merely because it was contrary to the agency's ultimate conclusion.

As to the appropriate remedy to impose for the agency's failing, the Court has discretion to choose between vacatur of the agency's decision or remand to the agency without vacatur.  See Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin., 429 F.3d 1136, 1151 (D.C. Cir. 2005) (quoting Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150-51 (D.C. Cir.1993) ("'[T]his court is not without discretion.  'The decision whether to vacate depends on the seriousness of the order's deficiency . . . and the disruptive consequences of an interim change that may itself be changed.'").  Considering the number of years that have elapsed during which time the plaintiffs have awaited final resolution of the merits of their claims, the fact that this matter has already been remanded once to the agency for further action consistent with the Circuit's decision, and it appearing that vacating the agency's decision will not pose any serious threat to the public's health or safety, the Court will vacate the agency's decision to classify APCP is an explosive pursuant to 18 U.S.C. § 841(d).[1]

---

[1]     Should the defendant choose to reinstate the policy that ACPC is properly classifiable as an explosive within the meaning of 18 U.S.C. § 841(d), nothing in this decision prevents it from

Because the plaintiffs have conceded that were the Court to grant summary judgment in their favor on Count One of their third amended complaint "will moot all of remaining counts" of their complaint, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Summary Judgment on Count 1 at 1-2 n.1, the Court having now granted summary judgment on Count One will dismiss all the plaintiffs' remaining counts of the complaint as moot.

Accordingly, it is hereby

**ORDERED** that the plaintiffs' motion for summary judgment is **GRANTED**.  It is further

**ORDERED** that the defendant's motion for summary judgment is **DENIED**.  It is further

**ORDERED** that the defendant's decision to classify APCP as an explosive under 18 U.S.C. § 841(d) is **VACATED**.  It is further

**ORDERED** that the remaining counts of plaintiffs' third amended complaint are **DISMISSED** as moot and therefore this case is dismissed in its entirety.

**SO ORDERED** this 16th day of March, 2009.

_____/s/_____
REGGIE B. WALTON
United States District Judge

---

redrafting the rule in accordance with the tenets of the APA or from seeking an explicit statutory classification from Congress.