UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                   )
TRIPOLI ROCKETRY              )
ASSOCIATION, INC., and          )
NATIONAL ASSOCIATION         )
OF ROCKETRY,                      )
                                                   )
              Plaintiffs,        )
                                                   )
          v.                           )      Civil Action No. 00-0273 (RBW)
                                                   )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS & EXPLOSIVES,       )
                                                 )
              Defendant.      )
_____)

## MEMORANDUM OPINION

Currently before the Court is the plaintiffs' motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (2006), which the plaintiffs contend were accrued while pursuing their challenge to the defendant's regulation of a chemical compound known as ammonium perchlorate composite propellant ("APCP"), commonly used in hobby rocket motors, as an explosive under 18 U.S.C. § 841(d) (1994). See Tripoli Rocketry Association's and National Association of Rocketry's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act. The defendant opposes the motion.[1] See Defendant's Opposition to Plaintiffs' Petition for Attorney's Fees and Costs ("Def.'s Opp'n"). For the following reasons, the Court must grant the plaintiffs' motion in part and deny the motion in part.

---

[1] The Court considered the following documents in resolving this motion: Tripoli Rocketry Association's and National Association of Rocketry's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("Pls.' Mot."); Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Costs ("Def.'s Opp'n"); Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Attorney's Fees and Costs ("Pls.' Reply"); and Plaintiffs' Motion for Leave to File Supplemental Motion for Attorneys' Fees and Costs.

# I. BACKGROUND

It took approximately nine years to bring this case to final resolution. In the course of this journey, the Court ruled on the parties' initial cross-motions for summary judgment in 2004. The plaintiffs appealed this Court's rulings and the Circuit Court, reviewing the matter de novo, reversed in part this Court's rulings, holding that the defendant's classification of APCP as an explosive based on its determination that the substance functions by deflagration violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (2000), because the defendant's decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives, 437 F.3d 75, 80-81 (D.C. Cir. 2006). The Circuit therefore remanded the matter to this Court "with instructions to remand the case to the agency for further consideration consistent with [its] decision." Id. at 84. The remand was ordered because the Circuit Court found that "[t]he agency ha[d] never provided a clear and coherent explanation for its classification of APCP." Id. at 81. The Court further found that the agency "ha[d] never articulated the standards that guided its analysis" that would permit a court sitting in review to "determine whether [the defendant's] judgment reflect[ed] reasoned decisionmaking." Id.; see also Apr. 20, 2006 Order. In its subsequent October 13, 2006 memorandum, the agency informed the Court that it had complied with the Circuit's mandate and was affirming its earlier decision to classify APCP as an explosive. Defendant's Notice of Agency Decision (Oct. 13, 2006). The plaintiffs thereafter amended their complaint, the defendant filed its answer to the amended complaint, and both parties crossed-moved again for summary judgment based on the certified administrative record.

On March 13, 2009, this Court held a hearing on those motions. After considering the parties' written submissions, the administrative record presented to the Court, the applicable legal

authority, and the oral arguments presented by the parties, the Court denied the defendant's motion and granted the plaintiffs' motion finding that the agency's decision did not satisfy the standard for evaluating agency rulemaking because it was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A); see also Mar. 16, 2009 Order. Specifically, the Court found that the defendant did not adequately explain why it came to the decision it did in light of contrary evidence in the administrative record submitted by the plaintiffs, which tended to show that APCP can burn at a rate lower than the rate designated by the defendant as the threshold for explosives, and therefore would require a change in the proposed rule if the plaintiffs' evidence is correct. See Mar. 16, 2009 Order. The Court concluded that the agency's shortcoming was its failure to articulate any rationale for finding that the relevant and significant evidence in the record that conflicted with its position was unpersuasive, which it seemingly out-of-hand dismissed merely because it was contrary to the agency's ultimate conclusion. Id. The defendant did not appeal the Court's ruling, and the plaintiffs thereafter filed the motion now before Court.

## II. ANALYSIS

The plaintiffs move for an award of attorney's fees and costs pursuant to the EAJA. The EAJA provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Thus, to award attorney's fees under the EAJA, the Court must find that (1) the plaintiffs are "prevailing part[ies];" (2) the government was not "substantially justified" in the position it took; and (3) the attorney's fees and cost requests are reasonable. Sullivan v. Hudson, 490 U.S. 877, 883 (1989). Once the plaintiffs establish that they are prevailing parties under the EAJA, the defendant has the burden of showing that its position was "substantially justified" or that special circumstances make the award unjust. Taucher v. Brown-Hruska, 396 F.3d 1168, 1173 (D.C. Cir. 2005). Finally, it is incumbent upon the plaintiffs to establish that the fees and costs requested are reasonable. Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 969-70 (D.C. Cir. 2004) (citing Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984) ("[C]ourts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates.")).

The defendant concedes that the plaintiffs are "prevailing parties." Def.'s Opp'n at 8. However, the defendant opposes any award of attorney's fees or costs under the EAJA, contending that the government's actions were substantially justified. Id. Additionally, if the Court were to award attorney's fees and costs pursuant to the EAJA, the defendant contends alternatively that the amount requested should be reduced because the number of hours the plaintiffs' attorneys contend they devoted to this case is unreasonably large and they are not entitled to enhanced fee rates as a result of scientific training and specialized knowledge in any science or field of expertise related to rocketry. Id. at 13-22.

**A. Local Rule 7(m)**

In its opposition, the defendant asserts that the plaintiffs' failure to consult with them prior to filing their motion warrants denial pursuant to Local Civil Rule 7(m). Def.'s Opp'n at 6.

4

In response, the plaintiffs argue that their application for costs and fees is not a nondispositive motion, but a dispositive motion, which is not within the scope of Rule 7(m). Pls.' Reply at 2.

Rule 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." D.D.C. Civ. R. 7(m) (2010). "The term 'dispositive motion' includes a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1215 (D.C. Cir. 1997).

The Court concludes that an EAJA fee petition is a dispositive motion, thereby rendering Rule 7(m) inapplicable. The defendant cites to Alberts v. HCA Inc., 405 B.R. 498, 501-02 (D.D.C. 2009) for the proposition that this Court has previously applied Rule 7(m) to motions seeking attorney's fees. Def.'s Opp'n at 6. The ruling in Alberts, however, concerned a motion for discovery sanctions in the form of attorney's fees. Alberts, 405 B.R. at 502. The defendant's reliance on this case ignores the distinction between motions for attorney's fees in the discovery sanction context and a motion to recover attorney's fees under a fee-shifting statute such as the EAJA. Motions seeking attorney's fees for discovery sanctions are nondispositive because they are tangential to the merits of the litigation and would not result in the determination of a particular claim in the case. See United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp. 2d 104, 112 (D.D.C. 2006) ("a motion for sanctions is a nondispositive motion and is therefore subject to Local Rule 7(m)."). Under the EAJA, however, the plea for attorney's fees is itself the underlying claim and it therefore satisfies the Burkhart standard because its resolution will result in "the determination of a particular claim on the

merits or elimination of such claim from the case." Burkhart, 112 F.3d at 1215. Thus, an EAJA fee petition is a dispositive motion. This conclusion is in accord with the rulings of other jurisdictions. See, e.g., Rajaratnam v. A.D. Moyer, 47 F.3d 922, 924 (7th Cir. 1995) (finding that under the EAJA an "application for fees cannot be characterized as nondispositive"); Pettyjohn v. Sullivan, 801 F. Supp. 503, 505 (W.D. Okla. 1992) (stating that EAJA "attorney fees matters are more appropriately categorized as analogous to a dispositive motion"), rev'd on other grounds sub nom., Pettyjohn v. Shalala, 23 F.3d 1572 (10th Cir. 1994). Therefore, the Court will not dismiss the plaintiff's motion for failing to comply with Rule 7(m).

### B. Substantial Justification

Upon a party's application for fees and costs, "[t]he Government has the burden of proving that its position, including both the underlying agency action and the arguments defending that action in court, was 'substantially justified' within the meaning of the Act." Halverson v. Slater, 206 F.3d 1205, 1208 (D.C. Cir. 2000). Essentially, that showing requires the government to establish that its actions were "'justified to a degree that could satisfy a reasonable person'" and had "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). While the Court may consider, if relevant, the merits of the government's position regardless of whether it prevailed in the lawsuit, the weight given will vary from case to case. Halverson, 206 F.3d at 1208 (citing F.J. Vollmer Co. v. Magaw, 102 F.3d 591, 595 (D.C. Cir. 1996)). As the Circuit Court has explained:

> Although the substantial justification inquiry differs from the merits determination, the court's merits reasoning may be quite relevant to the resolution of the substantial justification question. In some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified. Thus we have held that where an agency's decision was overturned as unsupported

6

> by substantial evidence, the agency's position was not substantially justified because it "lacked a reasonable factual basis." In contrast, whether agency action invalidated as arbitrary and capricious might nevertheless have been substantially justified depends on what the court meant by "arbitrary and capricious." For example, a determination that the agency acted arbitrarily and capriciously because it failed to provide an adequate explanation or failed to consider some relevant factor in reaching a decision "may not warrant a finding that [the] agency's action lacked substantial justification." However, "a finding that an agency acted arbitrarily and capriciously by denying equal treatment to similarly situated parties" – we would say clearly similarly situated – or by failing to enforce a rule where it plainly applied "renders it much more likely that the Government's action was not substantially justified." Moreover, because "unreasonable" may have different meanings in different contexts, even the presence of that term or one of its synonyms in the merits decision does not necessarily suggest that the Government will have a difficult time establishing that its position was substantially justified. Likewise, the absence of the word "unreasonable" does not necessarily suggest that the Government's position was substantially justified. The relevance of a court's reasoning on the merits to the reasonableness inquiry under the EAJA thus depends on the nature of the case.

F.J. Vollmer, 102 F.3d at 595 (internal citations and emphasis omitted). With this guidance, the Court finds that the defendant's position up to the point of the remand to this Court by the Circuit Court was substantially justified. Accordingly, the plaintiff will not be reimbursed for their fees and costs incurred prior to the remand. On the other hand, the defendant's position post-remand – during which it failed to comply with the Circuit's directive – was not substantially justified and therefore the plaintiffs are entitled to an award of attorney's fees and costs pursuant to the EAJA for the fees and costs generated following the Circuit's remand to this Court.

      a.      <u>Appropriateness of Distinct Substantial Justification Determinations</u>

Before explaining why a divisible (pre-remand/post-remand) award is appropriate, it is necessary to address whether the EAJA provides for separate substantial justification determinations for different portions of a civil action. This Circuit historically permitted separate

7

substantial justification determinations for different claims within a civil action, so as to compensate plaintiffs for those claims in which, viewed in isolation, the government's position was not substantially justified. See Cinciarelli v. Reagan, 729 F.2d 801, 809 (D.C. Cir. 1984) (awarding plaintiff fees under the EAJA for litigating against one government defense not deemed substantially justifiable while denying fees for its efforts opposing another government defense determined substantially justified). However, the Supreme Court's decision in Comm'r, INS v. Jean, 496 U.S. 154 (1990) has created uncertainty regarding the propriety of making multiple substantial justification determinations within one case. In Jean the Court held that once there had been a determination that the government's position on the merits was not substantially justified, the plaintiff could be awarded fees for the cost they incurred for their attorney's preparation of the EAJA application itself without further demonstrating hat the government's stance in the fee portion of the litigation was also substantially unjustified. Id. at 161-62. Although the Court's holding only reached this narrow issue of the propriety of fees in the fee application process, it did so with the perspective of the broader fee application context that: "Any given civil action can have numerous phases. While the parties' posture on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Id.

In the twenty years since Jean was decided, the Circuit has not provided further guidance on the propriety of conducting multiple substantial justification inquiries outside the fee litigation context and district courts in other jurisdictions have varied in their approach to this issue. Compare Watson v. Chater, Civ. No. 92-1178-FR, 1996 WL 50975 (D. Or. Jan. 19, 1996) (invalidating the claim-by-claim approach) and Utu Utu Gwaitu Paiute Tribe v. Dep't of the Interior, 773 F. Supp 1383, 1386-87 (E.D. Cal. 1991) (same) with Bice v. United States, 84 Fed.

8

Cl. 173, 178-79 (Fed. Cl. 2008) (refusing to extend <u>Jean</u> beyond the specific facts of that case) and <u>SEC v. Morelli</u>, No. 91 Civ. 3874, 1995 WL 9387, at *7 (S.D.N.Y. Jan. 11, 1995) (finding that <u>Jean</u> did not preclude making "one substantial justification determination for each distinct claim made by the government.").

Absent clear direction from this Circuit, the Court will not presume <u>Jean</u> to have changed the landscape broadly, and it will follow <u>Cinciarelli</u> and its permissiveness of multiple substantial justification determinations. However, even if the Circuit was to adopt a broader reading of <u>Jean</u> and prohibit the type of divisible award granted in <u>Cinciarelli</u>, distinct substantial justification determinations would still be appropriate in this case. Here, the Court is not making separate substantial justification determination for different claims filed within the same complaint. Nor is it making separate substantial justification determinations concerning one claim at various stages in the litigation of that one claim, for example the events encompassing discovery, the initial merit determination, and the appeal. Rather, the Court is making two separate substantial justification determinations for two entirely distinct factual and legal events. The first is the litigation related to the agency's defense of its initial APCP classification in this Court and before the Circuit. The second substantial justification determination is for the litigation related to an entirely different course of conduct – the agency's response to the Circuit's remand instructions when making its new APCP classification decision in 2006. The controversy which gave rise to the post-remand litigation occurred after the pre-remand litigation dispute had already been resolved. For all practical purposes, the plaintiffs' amended complaint is akin to an entirely new civil action. Thus, the Court finds it necessary to make two distinct substantial justification determinations.

b.    The Pre-Remand Litigation

The Court finds that the defendant's pre-remand position – its decision to classify APCP as an explosive and subsequent defense of that decision in this litigation – was substantially justified. Although the position was determined by the Circuit not to be in compliance with the APA, given the long term history of its position and its reliance on scientific authorities which supported the position, the agency had a good-faith basis for maintaining its position prior to the Circuit Court's ruling. As far as the defendant's pre-remand conduct is concerned, this case is one where, with the aid of "hindsight judgment," "the 'wrong view' looks considerably less plausible than it did before" in light of the Circuit's findings and conclusions. Taucher v. Brown-Hruska, 396 F.3d 1168, 1173-74 (D.C. Cir. 2005). In fact, even this Court had sided with the agency prior to the Circuit's remand. Moreover, the defendant's decision to classify APCP as an explosive was backed by scientific evidence, as "[t]he ATF reference[d] several scientific texts that 'have devised classification parameters that support a determination that APCP is an explosive.'" Mar. 19, 2004 Memorandum Opinion at 13. Additionally, as the defendant stated, this case "was the first and only challenge to the defendant's classification of the APCP as an explosive" since that decision was first expressed in 1971. Def.'s Opp'n at 12-13. Such long standing agency interpretation, nearly 30 years in this case, is often afforded "particular deference" by the courts. See Barnhart v. Walton, 535 U.S. 212, 220 (2002) ("[T]his Court will normally accord particular deference to an agency interpretation of longstanding duration." (internal quotation marks omitted)); Sec'y of Labor, Mine Safety & Health Admin. v. Excel Mining, LLC, 334 F.3d 1, 7 (D.C. Cir. 2003) ("[W]e give weight to the fact that the agency that administers the statute . . . has interpreted them the same way for more than 25 years.").

Of course, the Circuit ultimately concluded that deference to the agency's decision was not appropriate and found the defendant's pre-remand classification to be arbitrary and capricious. See Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, 437 F.3d 75, 83 (D.C. Cir. 2006). Nevertheless, the preference for deferring to a long-standing agency interpretation, coupled with the defendant's reliance on scientific authorities, supports a finding that the defendant's actions were justifiable and were reasonably grounded in both law and fact. Moreover, "whether agency action invalidated as arbitrary and capricious might nevertheless have been substantially justified depends on what precisely the court meant by 'arbitrary and capricious.'" F.J. Vollmer, 102 F.3d at 595. Here, the Circuit Court found the defendant's classification to be arbitrary and capricious because it failed to clearly explain how it determines whether a material deflagrates, and consequently how it reached the determination that APCP deflagrates. As the Circuit noted, "[w]e do not mean to suggest that the record mandates a conclusion contrary to the agency's. Rather we simply find that ATFE has never articulated the standards that guided its analysis." Tripoli, 437 F.3d at 81. This arbitrary and capricious finding closely aligns with the category the Circuit recognized in F.J. Vollmer, where the Court stated that it "may not warrant a finding that [the] agency's action lacked substantial justification" if the arbitrary and capricious ruling was predicated on a finding that it "failed to provide an adequate explanation." 102 F.3d at 595 (internal citations omitted). The defendant's pre-remand classification of APCP as an explosive and its subsequent litigation position was arbitrary and capricious only because it failed to adequately explain its methodology for determining when a material deflagrates. This failure to explain its rationale does not extinguish the fact that there was a reasonable basis in fact for the defendant to classify APCP as an explosive and a reasonable basis for the government to take the litigation position it

11

did. Therefore, the Court finds the pre-remand actions of the defendant to be substantially justified and will not award attorney's fees or costs to the plaintiffs under the EAJA for the litigation up to the point of the Circuit's remand.

        c.        Post-Remand Litigation

However, the Court finds that the post-remand position of the defendant warrants the opposite result, as it lacks substantial justification. This result is called for because the agency did not follow the Circuit's instructions upon remand to establish a clear methodology of how it will determine whether a particular material qualifies as a deflagrating substance. The Circuit stated in its opinion that "the agency has articulated no standard whatsoever for determining when a material deflagrates," and required the agency to "reconsider the matter and offer a coherent explanation for the conclusion it ultimately reaches." Tripoli, 437 F.3d at 84. The Circuit rejected the agency's "unbounded relational definition" – that "the deflagration reaction is much faster than the reaction achieved by what is more commonly associated with burning" – as insufficient. Id. at 81. The Circuit recognized that there will be "gray areas where expert discretion is necessary to characterize a particular substance." Id. However, it was clear in the Circuit's pronouncement that there must be "some metric for classifying materials not specifically enumerated in the statute" in order for a court to find that the ATFE's classification of APCP as a material which deflagrates "reflects reasoned decisionmaking." Id. Yet, upon remand, the agency utterly failed to provide a concrete standard for deflagration. The Circuit's instructions were clear, and the defendant's noncompliance was not substantially justified.

The defendant's post-remand conduct also lacked substantial justification for failing to "adequately explain why it came to the decision it did in light of contrary evidence in the administrative record." Mar. 16, 2009 Order at 2. That evidence submitted by the plaintiffs

12

"tended to show that APCP can burn at a lower rate than that which the defendant designated as the threshold." Id. Nevertheless, the agency failed "to articulate any rationale for finding that the relevant and significant evidence in the record that conflicted with its position was unpersuasive, which it seemingly out-of-hand dismissed merely because it was contrary to [its] ultimate conclusion." Id. at 3. What must be substantially justifiable here is not the agency's ultimate conclusion that APCP is an explosive, but rather its compliance with the administrative procedures mandated by the APA. It is no novel concept that an agency must consider relevant evidence contrary to its position and articulate a rational basis for its conclusions. See La. Fed. Land Bank Ass'n v. Farm Credit Admin., 336 F.3d 1075, 1080 (D.C. Cir. 2003) (stating that an agency must articulate a response to comments "which, if true, . . . would require a change in [the] proposed rule") (internal citations omitted). The defendant's failure to comply with this settled principle of administrative law lacks substantial justification. Therefore, the Court will award attorney's fees and costs to the plaintiffs for the litigation which occurred following the Circuit's remand.

### C. The Award of Fees and Costs

Section 2412(d)(2)(A) provides,

> "fees and other expenses" includes the reasonable expenses . . . found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates . . . except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A) (2006). The plaintiffs have submitted a request for $366,439.62 in attorney's fees and costs. Pls.' Reply at 12. Their submission, however, does not fully segregate the amounts requested for the pre-remand and post-remand litigation. Therefore, this Court will

refrain from designating an award for the plaintiffs' post-remand fees and costs until the plaintiffs file an amended calculation which lists the fees and costs incurred litigating the parties' dispute only after the Circuit's remand and the defendants have an opportunity to respond to this revised request.

Nevertheless, the Court is able to resolve some peripheral issues relating to the calculation of the fees and costs requested by the plaintiffs. First, a plaintiff must proffer the basis for a "special-factor enhancement" justifying a rate in excess of the statutory $125 per hour limitation. Role Models Am., Inc., 353 F.3d at 968. The plaintiffs contend that they are entitled to enhanced attorney's fees because "counsel for [the p]laintiffs possessed specialized knowledge and experience in the areas of chemistry and physics, and in the designing, building and flying of model rockets, that was essential to their effective representation." Pls.' Mot. at 25. The defendant disputes that this specialized knowledge warrants an enhanced fee rate, arguing that the case did not concern complex scientific or mathematical matters, but was rather "simply a case involving the application of administrative law principles in the context of a statutory regime and a record created by the agency involving its classification of APCP." Def.'s Opp'n at 15. The Court agrees with the plaintiffs' position that complex scientific issues were implicated in this case. Nevertheless, the Court finds the scientific component too tangential to the legal dispute to warrant an award of enhanced attorney's fees under the EAJA. Despite the scientific issues implicated in this case, the core of this case involved the principles of administrative law within the context of the APA. In other words, specialized knowledge of the science or other fields of expertise related to rocketry was not necessary to successfully litigate this case and an increased hourly rate on this ground will not be awarded. An increase above the rate is appropriate, however, for a cost-of-living increase, as "courts routinely approve cost-of-living

adjustments," Role Models Am., 353 F.3d at 969 (internal citation omitted), and such an adjustment will be made in this case.

The defendant also argues that some of the fees and costs requested by the plaintiffs are unreasonable, not recoverable under the EAJA, or insufficiently documented. Pls.' Reply at 16-23. The Court must reserve judgment on these issues at this time because many of these specific items in contention have been rendered moot by the Court's denial of fees and costs for the litigation which occurred before the Circuit's remand to this Court. Once the plaintiffs identify the fees and costs which they seek for the litigation which followed the remand, the defendants will have an opportunity to dispute the reasonableness of the various requests.

The plaintiffs also requested "attorney's fees incurred in preparing the EAJA motion." Pls.' Reply at 12. Attorney's fees for the preparation and litigation of an EAJA fee petition are appropriate, and the plaintiffs do not need to demonstrate that the government's position in the fee litigation was not substantially justified. Jean, 496 U.S. at 163. However, the Court will not make a ruling at this time on the reasonableness of the $23,929.34 amount requested by the plaintiffs for this purpose; rather, the plaintiffs should adjust their calculation of the amount awardable for the preparation of the EAJA motion consistent with this Opinion, after which the defendant shall have the opportunity to dispute this calculation.

_____/s/_____
REGGIE B. WALTON
United States District Judge