UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRIPOLI ROCKETRY ASSOCIATION, INC., and NATIONAL ASSOCIATION OF ROCKETRY | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 00-0273 (RBW) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, | ) ) ) ) | |
| Defendant. | ) ) | |

**TRIPOLI ROCKETRY ASSOCIATION'S AND NATIONAL ASSOCIATION OF ROCKETRY'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

On March 26, 2010, this Court issued a Memorandum Opinion and Order on plaintiffs Tripoli Rocketry Association's and National Association of Rocketry's June 15, 2009 motion for attorney's fees and costs pursuant to the Equal Access of Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (2006). In the Memorandum Opinion, the Court granted plaintiffs' motion for fees and costs incurred in the litigation subsequent to the Circuit Court's remand, and denied the motion to the extent fees and costs were incurred prior to remand. The Court also denied plaintiffs' request for fees at an enhanced rate under the EAJA "special factor" exception, and granted plaintiff's request to supplement the motion with additional fees and costs expended in submitting their reply to the government's opposition to the motion for fees.

Consistent with the Court's Order, plaintiffs hereby file their amended calculation of fees and costs. Plaintiffs move for an award of $81,498.26 ($74,570.05 in fees and

$6,928.21 in costs).  Of the total attorneys fees, $41,876.62 is for attorneys fees for litigating the merits of the case after the Circuit Court remand, and the remaining $32,693.43 is for attorneys fees for litigating the EAJA motion, including the initial motion and the reply brief (but not this amended motion).

With respect to the attorney's fees and costs for litigating the merits of the case, plaintiffs have amended their motion to exclude any time prior to the decision of the U.S. Court of Appeals for the District of Columbia Circuit on February 10, 2006.  Plaintiffs also reduced the rate at which they seek to be compensated to the EAJA rate, as set forth in their initial motion at pp. 29-30.  Plaintiffs' amended motion also includes the reductions in fees and costs that were presented in attachments to plaintiffs' reply brief of August 10, 2009.  As described in the initial motion and reply brief, plaintiffs exercised good-faith billing judgment to exclude from their application a considerable amount of time, and have excluded from their motion for costs any items of cost that are not compensable in this Circuit.  All other expense items, including Lexis and Westlaw, were billed at cost, with no markup.  The attorneys' fees and costs for this portion of the case are described in more detail in the Supplemental Declaration of Martin G. Malsch.

With respect to the attorney's fees and costs for litigating the EAJA fees portion of the case ("fees-on-fees"), plaintiffs expended $43,591.24 litigating this portion of the case.  Consistent with the Court's instruction that plaintiffs should "adjust their calculation of the amount awardable for the preparation of the EAJA motion," plaintiffs have reduced their request for the fee litigation portion of the case in two respects.  First, plaintiffs do not seek any compensation for the time spent preparing this amended motion.  Second, although plaintiffs were unable to surgically excise the hours spent on

the unsuccessful issues, they have reduced the amount of fees they would have requested for the EAJA fee petition and reply by a quarter, from $43,591.24 to $32,693.43.  This reduction reflects the fact that while plaintiffs did not prevail on the issues of substantial justification for the pre-remand portion of the merits case and plaintiffs' request for enhanced fees for a portion of the merits case, their briefing on six other issues was justified and compensable:  (1) plaintiffs' entitlement to compensation, (2) plaintiffs' satisfaction of the EAJA eligibility criteria, (3) whether the agency's position was substantially justified post-remand, (4) the reasonableness of the number of hours spent on the case, (5) appropriate cost-of-living increases to EAJA rates for other aspects of the fee petition, and (6) whether plaintiffs were required to consult defendants under Local Rule 7(m).  *See Comm'r, INS v. Jean,* 496 U.S. 154 (1990), fn 10 ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in [the] litigation.").  The attorneys' fees for this portion of the motion are described in more detail in the Supplemental Declarations of Diane Curran and Ruth Eisenberg.

A summary of the attorneys' fees and costs for which plaintiffs are seeking compensation is set forth below:

| *Total Charge* | |
|---|---|
| | |
| Egan | 10,455.35 |
| Lawrence | 1,064.76 |
| Malsch | 30,356.51 |
| Curran | 1,851.57 |
| Eisenberg | 6,096.95 |
| Frasier | 24,744.91 |
| Costs Charge | 6,928.21 |
| | |
| **TOTAL** | 81,498.26 |

In conclusion, plaintiffs respectfully move for an award of $81,498.26 in attorneys' fees and costs under the EAJA.

Respectfully submitted,

_____/s/_____
Martin G. Malsch
D.C. Bar No. 436604
John W. Lawrence
D.C. Bar No. 449928
Egan, Fitzpatrick, Malsch & Lawrence, PLLC
1750 K St. NW, Suite 350
Washington, D.C. 20006
Tel: (202) 466-3106
Fax: (202) 496-5011
mmalsch@nuclearlawyer.com
jlawrence@nuclearlawyer.com

Dated:  April 16, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Tripoli Rocketry Association's and National Association of Rocketry's Amended Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act was served on the following attorneys of record by electronically filing the document on the CM/ECF document filing system for the United States District Court for the District of Columbia on this 16th day of April, 2010:

Jane Lyons, Esq.
Email: jane.lyons@usdoj.gov
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001

_____/s/_____
Martin G. Malsch

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRIPOLI ROCKETRY          )
ASSOCIATION, INC., and    )
NATIONAL ASSOCIATION      )
OF ROCKETRY               )
                          )
              Plaintiffs, )
                          )
       v.                 )          Civil Action No. 00-0273 (RBW)
                          )
BUREAU OF ALCOHOL,        )
TOBACCO, FIREAREMS &      )
EXPLOSIVES,               )
                          )
              Defendant.  )


**SUPPLEMENTAL DECLARATION OF MARTIN G. MALSCH
IN SUPPORT OF TRIPOLI ROCKETRY ASSOCIATION'S AND
NATIONAL ASSOCIATION OF ROCKETRY'S
AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO
THE EQUAL ACCESS TO JUSTICE ACT**

Under penalty of perjury**,** I, Martin G. Malsch, declare as follows:

1.      I am writing this declaration to supplement the Declaration I submitted in

connection with plaintiffs' motion for attorney's fees and costs pursuant to the Equal

Access to Justice Act, filed June 15, 2009.

2.      Plaintiffs are filing their amended motion for attorneys' fees and expenses

in order to comply with the Court's March 26, 2010 Order.  Attached to this

supplemental declaration are my contemporaneous records for time for which plaintiffs

are seeking to be compensated after the Circuit Court's remand of this case on February

10, 2006.  As described in the initial motion and reply brief, plaintiffs exercised good-

faith billing judgment to exclude from their application a considerable amount of time,

and have excluded from their motion for costs any items of cost that are not compensable in this Circuit. Plaintiffs are seeking to be compensated for 179.3 hours of my time at the EAJA rates as set forth in plaintiffs' initial motion for fees at pp. 29-30. The total amount of attorneys' fees for my time for which we seek compensation is $30,356.51.

3.      I am also attaching the contemporaneous time records for my partner Joseph R. Egan, who passed away in March 2008. As described in the initial motion and reply brief, plaintiffs exercised good-faith billing judgment to exclude a considerable amount of Mr. Egan's time. All other expense items, including Lexis and Westlaw, were billed at cost, with no markup. Plaintiffs are seeking to be compensated for 62.42 hours of Mr. Egan's time at the EAJA rates as set forth in plaintiffs' initial motion for fees at pp. 29-30. The total amount of attorneys' fees for Mr. Egan's time for which we seek compensation is $10,455.35.

4.      I am also attaching the contemporaneous time records for my partner John W. Lawrence, who is out of town and unavailable. Plaintiffs seek compensation for six hours of his time expended since the Circuit Court remand.

5      Plaintiffs also seek compensation for $6,928.21 in out of pocket expenses. All other expense items, including Lexis and Westlaw, were billed at actual cost, with no markup.

I declare, under penalty of perjury, that the foregoing facts are true and correct to the best of my knowledge, and that any expressions of opinion are based on my best professional judgment.

_____
Martin G. Malsch

April 16, 2010

# Time Records of Martin G. Malsch

| Date | Description | Time |
|---|---|---|
| **2006** | | |
| 2/10/2006 | Reviewed D.C. Circuit decision; Tel/con w/M. Bundick, K. Good and J Egan re decision; Reviewed law re remand record | 1.30 |
| 2/13/2006 | Reviewed D.C. Circuit rules re reconsideration; sent email to M Bundick and K Good re next steps | 0.70 |
| 2/21/2006 | Reviewed emails; Tel/con w/M. Bundick and K. Good; Tel/con w/ J Egan re strategy | 1.10 |
| 2/27/2006 | Tel/con w/M. Bundick re BATFE memo. | 0.20 |
| 3/10/2006 | Tel/con w/M. Bundick re next steps. | 0.40 |
| 3/17/2006 | Tel/con w/ J. Egan re strategy for clients after mandate issues. | 0.20 |
| 4/17/2006 | Tel/con w/J. Lyons (DOJ) and M. Bundick re status; Prepared for status conference. | 0.90 |
| 4/19/2006 | Continued preparation for status conference. | 0.40 |
| 4/20/2006 | Attended and presented argument at status conference; reviewed court order; Tel/con w/ M Bundick, K Good and J Egan re conference results and strategy | 3.30 |
| 5/22/2006 | Tellcon w/M. Bundick and K. Good re next steps and forthcoming hearing before Judge Walton | 0.40 |
| 6/22/2006 | Reviewed arid sent emails re burn rate test. | 0.20 |
| 7/17/2006 | Tel/con w/M. Bundick and K. Good re upcoming status conference; Reviewed and commented on draft burn rate report | 1.20 |
| 7/19/2006 | Reviewed BATFE status report and email re same. | 0.70 |
| 7/20/2006 | Research and emails from J. Egan re hearing strategy. | 0.70 |
| 7/24/2006 | Tel/con w/J. Egan, K. Good and M. Bundick re status hearing. | 0.50 |
| 7/25/2006 | Reviewed six emails re burn rate information and status hearing. | 0.40 |
| 7/26/2006 | Attended status hearing; Met w/J. Egan, T. Barber et aL before and after hearing; Reviewed final burn rate report | 4.00 |
| 8/2/2006 | Discussed BATFE filing w/J. Egan; Tel/con w/J. Lyons (DOJ) re same. | 0.40 |
| 8/3/2006 | Reviewed emails re burn rate data. | 0.20 |
| 8/21/2006 | Reviewed BAT FE notice of rulemaking re 62.5 grn exemption and notice of proposed rule making on PAD issue; Tel/call to M Malsch re same; Conference call w/ M Malsch, K Good, and M Bundick re same | 3.70 |
| 9/18/2006 | Reviewed emails re BATFE Quickburst igniter enforcement action; Emailed J Egan re same | 0.40 |
| 9/29/2006 | Reviewed and commented to J. Egan on PAD rulemaking suggestions from M Bundick | 0.50 |
| 10/4/2006 | Con/call wI J. Egan and B. Cynkar re FBI inquiry. | 0.20 |
| 10/5/2006 | Reviewed and responded to emails re FBI. | 0.20 |
| 10/6/2006 | Emails re FBI meeting and igniters. | 0.20 |
| 10/10/2006 | Tel/con w/K. Good, M. Bundick et al re FBI interview | 0.60 |
| 10/11/2006 | Tel/con w/J. Lyons re next steps; Emailed M. Bundick et al re same; Tel/call from J Egan re same | 0.50 |

| Date | Description | Time |
|---|---|---|
| 10/16/2006 | Reviewed BATFE decision and comments thereon forwarded by M Bundick and K Good; Tel/con w/ J Lyons re schedule; Discussed issues and approach with T Barber, M Bundick, J Egan, and K Good; Prepared for status conference. | 2.70 |
| 10/17/2006 | Met w/M. Bundick, T. Barber and K. Good; Prepared for and attended court hearing; Returned to office; Emailed and called J Egan re hearing results; Reviewed court minute entry | 2.70 |
| 10/30/2006 | Reviewed and commented on joint statement; Tel/call from J. Egan re assignments and schedule | 0.50 |
| 11/1/2006 | Reviewed proposed PAD comments and email suggested changes; Tel/calls from J Egan re same | 0.90 |
| 11/7/2006 | Reviewed K. Good comments on Administrative Record. | 0.20 |
| 11/8/2006 | Reviewed emails re administrative record; Emailed T. McCreary re his presentation on burn rates | 0.40 |
| 11/13/2006 | Reviewed and sent emails re administrative record. | 0.30 |
| 11/14/2006 | Reviewed emails and checked administrative record for CDs of tests. | 0.20 |
| 12/7/2006 | Reviewed M. Bundick summary of Administrative Record. | 0.60 |
| 12/11/2006 | Reviewed emails and Court order; tel/con w/ J Egan, M Bundick & K Good re same | 1.10 |
| 12/13/2006 | Drafted Third Amended Complaint | 2.50 |
| 12/14/2006 | Reviewed B Cynkar and J Egan suggested changes to Third Amended Complaint; Discussed w/B. Cynkar | 0.60 |
| 12/15/2006 | Final review of Third Amended Complaint | 0.30 |
| 12/18/2006 | Discussed w/ N Toliver instructions re filing Third Amended Complaint | 0.40 |
| - | **Total** | 36.90 |
| **2007** | | |
| 1/8/2007 | Tellcon w/ M. Bundick re status. | 0.10 |
| 1/10/2007 | Reviewed BATFE enforcement action and Emailed J. Egan re same. | 0.40 |
| 1/15/2007 | Reviewed administrative record and emails re same. | 4.00 |
| 1/16/2007 | Completed review of record and review previous decisions, client record analyses, update court cases, and review legislative history | 5.70 |
| 1/17/2007 | Began drafting motion for summary judgment; Discussed safety fuse issue w/ J Egan | 3.70 |
| 1/18/2007 | Drafted statement of material facts and outline of legal argument; Tel/con w/ M Bundick, K Good, J Egan re needs and strategy for summary judgment | 5.90 |
| 1/19/2007 | Reviewed emails and revise statement of material facts; research case law on judicial review standard; Reviewed explosives act legislative history | 3.90 |
| 1/22/2007 | Drafted memorandum in support of summary judgment; Reviewed and revised statement of undisputed facts; Reviewed and sent emails re same | 6.20 |
| 1/23/2007 | Completed draft of memorandum supporting summary judgment petition and sent to J Egan; reviewed and sent emails re same | 5.00 |
| 1/24/2007 | Worked on memorandum supporting summary judgment, including J Egan comments | 2.60 |

| Date | Description | Time |
|------|-------------|------|
| 1/25/2007 | Prepared final draft of summary judgment motion, memorandum in support, statement of material facts not in dispute, and affidavits of Bundick and McCreary; Tel/con w/ M Bundick re summary judgment and ATFE inspections; Reviewed email re ATFE inspections; Tel/call from J Egan re same | 5.90 |
| 1/26/2007 | Worked on revising summary judgment memorandum, statement of material facts not in dispute, affidavits to include comments of J Egan, M Bundick, T McCreary, Reviewed ATFE enforcement action against Aerotech and email re same; Con/call w/ M Bundick K Good and T McCreary re summary judgment and ATFE enforcement action | 4.50 |
| 1/29/2007 | Tel/con wl J. Egan; Reviewed emails and modified memorandum to include comments; checked 2007 case cite | 1.90 |
| 1/30/2007 | Reviewed final of motion and related papers; Drafted proposed order; Reviewed emails re motion and comments | 3.30 |
| 1/31/2007 | Reviewed final of filed summary judgment motion; Reviewed and Commented on status report | 1.30 |
| 2/1/2007 | Quickly reviewed BATFE motion and tellcon wl J. Lyons. | 0.50 |
| 2/2/2007 | Preliminarily reviewed BATFE motion and emails re same. | 0.80 |
| 2/5/2007 | Drafted errata; emailed J Egan and T McCreary re same; Discussed same w/ J Egan | 1.20 |
| 2/6/2007 | Filed errata and emailed same | 0.20 |
| 2/16/2007 | Drafted opposition to ATFE motion for summary judgment | 7.00 |
| 2/19/2007 | Reviewed Federal Register notices on 62.5 gram exemption | 0.90 |
| 2/20/2007 | Completed draft of opposition to ATFE summary judgment motion, including counter statement of facts | 6.00 |
| 2/23/2007 | Reviewed M Bundick comments; revised opposition; emailed re same | 0.80 |
| 2/26/2007 | Tel/cons w/ J Lyons re time extension and emailed re same; Reviewed J Egan's redline edits to our draft opposition | 0.60 |
| 3/6/2007 | Final draft of opposition to summary judgment motion to include J Egan's comments and new case citations | 1.40 |
| 3/8/2007 | Emailed J. Egan re changes in draft opposition to summary judgment motion | 0.20 |
| 3/13/2007 | Final preparation of summary judgment opposition, statement of facts in dispute, and draft order | 2.60 |
| 3/15/2007 | Discussed our reply w/ J. Egan. | 0.20 |
| 3/19/2007 | Preliminary review of ATFE opposition and tellcon w/ M. Bundick. | 0.80 |
| 3/20/2007 | Reviewed Hawk-Dinan report and emailed J. Egan re ATFE opposition. | 4.00 |
| 3/22/2007 | Researched re supplementing the record and Chenery cases and emailed M Bundick et al., re strategy and argument possibilities | 1.50 |
| 3/23/2007 | Emailed re cases and reviewed emails re comments on BATFE opposition | 0.60 |
| 3/26/2007 | Reviewed emails re BATFE opposition; Discussed same w/ J. Egan. | 0.60 |
| 3/28/2007 | Reviewed emails re analyses of ATFE opposition and affidavit. | 0.50 |
| 3/29/2007 | Con/call w/ M. Bundick and K. Good; Researched re DC Circuit review of scientific issues; Debriefed J Egan on results of call | 2.50 |
| 3/30/2007 | Reviewed case law and drafted part of reply to ATFE opposition; Reviewed emails re Rosenfield affidavit | 4.00 |

| Date | Description | Time |
|---|---|---|
| 4/4/2007 | Continue drafting of reply. | 7.50 |
| 4/5/2007 | Complete first draft of reply and sent to J. Egan for comment; review emails and tel/con J Egan re Rosenfeld affidavit | 8.00 |
| 4/6/2007 | Review and comment on Rosenfield affidavit input | 0.60 |
| 4/8/2007 | Work on Rosenfield | 0.90 |
| 4/9/2007 | Complete final draft of reply brief and Rosenfield affidavit, including review email comments and tel/cons J Egan and G Rosenfield | 8.00 |
| 4/10/2007 | Complete final review and filing of reply; review and sent emails re T McCreary affidavit | 2.20 |
| 4/11/2007 | Tel/call from J Egan re ATF Reply Brief | 0.20 |
| 4/13/2007 | Check District Court docket and email to J Lyons re statement of material facts not in dispute | 0.40 |
| 4/24/2007 | Review and sent email to J. Lyons re her reply and tel/con J. Egan re same | 0.30 |
| 4/26/2007 | Send email to J. Lyons (DOJ) re her mistake suggesting she tell the court; tel/call to J Egan re same | 0.30 |
| 4/27/2007 | Review and respond to email from J. Lyons (DOJ). | 0.10 |
| 4/30/2007 | Tel/con w/ J. Lyons re mistake in her reply brief and emails J. Egan re same | 0.30 |
| 5/1/2007 | Review ATF Notice of Errata filed by J. Lyons; tel/call to J. Egan re same | 0.30 |
| 5/2/2007 | Draft memo to client re ATF Notice of Errata; sent and respond to email re same | 0.50 |
| 7/26/2007 | Review summary judgment filings; tel/con w/ clerk for Judge Walton canceling hearing; discuss case w/ K Goode and M Bundick; tel/call to J Egan re same | 1.30 |
| 8/24/2007 | Review draft joint statement and J. Egan comments. | 0.20 |
| - | **Total** | 122.40 |
| **2008** | - | - |
| 8/15/2008 | Con/call w/ T. Barber and K. Goode re next steps and current developments | 0.80 |
| 8/22/2008 | Reply to email re announcement of litigating strategy. | 0.10 |
| 9/22/2008 | Emails and research re motion for oral argument. | 0.40 |
| 9/23/2008 | Review and comment on draft motion. | 0.30 |
| 9/24/2008 | Review final draft motion and send and/or review emails re same. | 0.30 |
| 9/26/2008 | Review email re motion. | 0.10 |
| 12/2/2008 | Check ATFE regulatory agenda and respond to email re new FAA ATFE rules | 0.30 |
| | **Total** | 2.30 |
| **2009** | | |
| 3/2/2009 | Review motion papers to begin preparation for hearing. | 1.00 |
| 3/10/2009 | Prepare for hearing, emails re same, and tel/con w/ T. Barber and K. Good re hearing | 1.50 |
| 3/11/2009 | Prepare for court hearing | 3.00 |
| 3/12/2009 | Prepare for court hearing, including tel/con w/ C. Fitzpatrick (Partner, Egan, Fitzpatrick & Malsch, PLLC) and J. Lawrence | 2.50 |

| Date | Description | Time |
|------|-------------|------|
| 3/13/2009 | Prepare for and argue in hearing in District Court and post hearing discussions, including assistance in drafting notice to members | 7.50 |
| 3/16/2009 | Review court decision and send email re same; review federal rules re judgment entry, time for appeals, and right to recoup fees | 0.70 |
| 3/18/2009 | Review federal rules re judgment and stays; tel/con w/ J. Lyons and email re stay; review and comment on statement to members | 1.40 |
| 3/19/2009 | Correspond re stay request. | 0.10 |
| | **Total** | 17.70 |

## Fees for Martin Malsch from 2/10/06 to present:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2006 | 36.9 | 163.85 | 6,046.065 |
| 2007 | 122.4 | 169.78 | 2,0781.07 |
| 2008 | 2.3 | 177.46 | 408.158 |
| 2009 | 17.7 | 176.34 | 3,121.218 |
| | | **TOTAL** | 30,356.51 |

# Time Records of Joseph R. Egan

| Date | Description | Time |
|---|---|---|
| **2006** | | |
| 2/10/2006 | Tel/con w M. Malsch re D.C. Circuit decision. | 0.20 |
| 2/23/2006 | Reviewed in detail oral argument decision from D.C. Circuit; Tel/call to M Malsch re same; Sent email to team re same; Edited instructions to members on same | 2.00 |
| 2/25/2006 | Reviewed ATF response to our court victory, and client emails on same | 0.40 |
| 3/21/2006 | Reviewed emails on Tripoli/ATF status. | 0.20 |
| 4/20/2006 | Tel/call from M. Malsch re results of Judge Walton status hearing and strategy for next steps | 0.40 |
| 5/12/2006 | Reviewed/responded to emails from K. Good on joint statement and from M Bundick on LEUP battles | 0.30 |
| 6/22/2006 | Reviewed and responded to emails on burn test results from clients. | 0.30 |
| 7/11/2006 | Reviewed client bum rate data on paper. | 0.10 |
| 7/13/2006 | Reviewed Tripoli/NAR burn rate report from K. Good. | 0.20 |
| 7/17/2006 | Reviewed emails from client and M. Malsch on July 26 hearing preparation | 0.20 |
| 7/19/2006 | Reviewed BATFE status report to court on burn rates; Reviewed M Malsch and client emails re same. | 0.40 |
| 7/24/2006 | Con/call w/ K Good, M Bundick, and M Malsch re startegy for status hearing | 0.50 |
| 7/25/2006 | Reviewed numerous emails from client reps on hearing issues. | 0.20 |
| 7/26/2006 | Attended pre-hearing meeting w/client and M. Malsch re status hearing; Attended status hearing w/ Judge Walton and BATFE; Discussed results of hearing w/ client; Reviewed numerous client emails on hearing issues | 4.00 |
| 10/7/2006 | Reviewed email from P. Gordzelik (Vice President, Tripoli Rocketry Association) on potential legal issue w/ACPC explosives classification | 0.10 |
| 10/11/2006 | Reviewed Defendant's Status Report filed with Judge Walton; Reviewed client report of FBI call; Tel/call to M Malsch re same, and his call with J Lyons on next steps; Emailed clients on proposed new rates | 1.00 |
| 10/16/2006 | Reviewed report from David Schatzer (BATFE) re his conclusion that ACPC is an explosive; Reviewed Defendants Notice of Agency Decision re same; Reviewed extensive comments from clients, members, and legal team re same; Tel/call to M Malsch re strategy for response; Tel/call from M Malsch re his call to Jane Lyons re hearing and schedule; Discussion w/ M Malsch re safety fuses | 4.40 |
| 10/17/2006 | Reviewed Court's scheduling order; Discussed today's hearing results and scheduling issues w/ M Malsch; Reviewed additional emails from clients and members on BATFE ACPC report | 2.20 |
| 10/25/2006 | Reviewed new ACPC burn rate data from K. Good. | 0.20 |
| 10/30/2006 | Tel/call to M. Malsch re assignments, and schedule. | 0.20 |
| 10/31/2006 | Reviewed/responded to K. Good's analysis for G. Rosenfield on current status of PAD exemption, and client emails on same; Reviewed emails on ATF's filing of administrative record, and review of hard copy | 0.30 |

| Date | Description | Time |
|------|-------------|------|
| 11/1/2006 | Reviewed Defendants' Notice of Filing of Administrative Record; Tel/calls to M Malsch re same, and to N Toliver re distribution; Reviewed draft NAR response on PAD NPRM | 0.60 |
| 11/2/2006 | Reviewed M. Malschs mark-up of NARs draft NPRM comments. | 0.30 |
| 11/3/2006 | Reviewed email from M. Bundick on review of Administrative Record; Responded to same | 0.10 |
| 11/7/2006 | Reviewed K. Good's summary of administrative record and ACPC testing protocol; Reviewed M Bundick's summary of same; Reviewed email from K Good on ATF Videos; Emailed office re production of same | 0.50 |
| 11/8/2006 | Reviewed M. Malsch comments to T. McCreary (Board of Directors, Tripoli Rocketry Association) on his presentation about ATF suit; Reviewed McCreary presentation outline; Reviewed email from K Good on ATF Videos; Emailed office re production of same | 0.30 |
| 11/14/2006 | Reviewed comments by client and M. Malsch re ATF's burn rate analysis; Contacted office re ATF videos | 0.20 |
| 12/7/2006 | Reviewed M. Bundick summary of Administrative Record; Reviewed Lyngdale comments on ATF developments; Reviewed further comments from M Bundick on NAR v ATF | 1.10 |
| 12/11/2006 | Completed preview of Bundick record summary; tel/con w/ M Marlsch, M Bundick, and K Good re use of record summary and preparation for motion for summary judgment | 1.30 |
| 12/14/2006 | Reviewed/edited and commented on Plaintiff's Third Amended Complaint | 1.50 |
| 12/18/2006 | Reviewed memo from M Bundick on Fireworks industry litigation and possible ramifications for NAR and Tripoli; Reviewed M Malsch comments on same; Tel/call to N Tolivar re filing amended complaint | 0.30 |
| | **Total:** | 24.00 |
| **2007** | | |
| 1/3/2007 | Reviewed Answer filed by BATFE to our amended complaint. | 0.20 |
| 1/4/2007 | Reviewed M. Bundicks synopsis of original administrative record and respond | 0.60 |
| 1/9/2007 | Reviewed memo from M. Bundick on ATF enforcement action against a member; Emailed M Malsch re same | 0.20 |
| 1/10/2007 | Reviewed email from M. Malsch re Bundick's ATF enforcement description | 0.10 |
| 1/17/2007 | Reviewed client comments on use of administrative record for our motion; Discussed assignments w/ M Malsch and his concerns on safety fuse; Reviewed emails on same | 0.60 |
| 1/18/2007 | Tel/con w/ clients and M. Malsch re strategy for Motion for Summary Judgement, Administrative Record, and evidentiary needs | 1.00 |
| 1/19/2007 | Reviewed/edited revised statement of facts from M Malsch; Reviewed core burning animation video for possible exhibits; Emailed M Malsch with suggestions for statment of facts | 1.32 |
| 1/22/2007 | Reviewed M. Malsch's revised statements of fact and questions on barium sulfate in paper | 0.20 |
| 1/24/2007 | Reviewed/edited/rcdlined draft motion for summary judgment; emailed comments to M Malsch re same; reviewed client comments on other explosive facts | 2.10 |

| Date | Description | Time |
|------|-------------|------|
| 1/25/2007 | Tel/call from M. Malsch re questions re affidavits and motion; Reviewed revised motion; Reviewed reports from clients on Gary Rosenfield inspection by ATF; Discussed same w/ M Malsch | 0.70 |
| 1/26/2007 | Reviewed/edited revised motion for summary judgment | 2.00 |
| 1/29/2007 | Tel/call to M. Malsch to discuss Friday's client call and next steps on filings; reviewed M Bundick suggestions for motion; emailed M Malsch re use of same | 0.60 |
| 1/30/2007 | Reviewed propellant grain graphics from K. Good and respond; Reviewed client comments on motion and affidavits | 0.20 |
| 1/31/2007 | Reviewed final filings with District Court; Emailed M. Malsch re same. | 0.20 |
| 2/4/2007 | Reviewed Defendant's motion for summary judgment and made notes on key objections; reviewed Defendants' Statement of Facts; Reviewed emails from client on correction; Emailed M Malsch re filing an errata on diameter v radius | 1.60 |
| 2/5/2007 | Reviewed emails on error in our filing on diameter v radius; Emailed M Malsch on need to file an errata with court; Responded to M Malsch emails re same; Reviewed ATF motion for summary judgment and responded | 1.60 |
| 2/6/2007 | Reviewed Bundick response to ATF motion; Emailed M Malsch re key issue in our response | 0.40 |
| 2/12/2007 | Reviewed M Bundick response to ATF summary judgment motion | 0.30 |
| 2/16/2007 | Reviewed/commented on M Bundick comments on ATF filing | 0.40 |
| 2/26/2007 | Reviewed/edited M Malsch's draft opposition to BATFE's motion for summary judgement; Discussed same w/ M Malsch including BATFE's request for extension of time; Reviewed client emails on draft opposition; Reviewed/responded to client proposal to change safety code or render formal interpretations on dealing w/ the ATF | 2.70 |
| 3/8/2007 | Reviewed M. Malsch's email on my comments. | 0.10 |
| 3/15/2007 | Reviewed final draft of our reply brief for filing; Emailed J. Bromfield re same; Discussed same w/ M Malsch | 0.70 |
| 3/19/2007 | Reviewed ATF's reply brief and their response to our statement of facts; Emailed M Malsch re same | 0.80 |
| 3/20/2007 | Reviewed ATF's opposition and their affidavit on igniters and safety fuses; Discussed same with M Malsch; Reviewed client views on ATF's opposition and their questions; Responded to same | 0.80 |
| 3/22/2007 | Reviewed additional client comments on strategy for Walton hearing and M Malsch's comments on same; Reviewed M Bundick confidential analysis of ATF's opposition and case citations | 0.50 |
| 3/23/2007 | Reviewed numerous client emails on responding to ATF opposition and M Malsch comments on same; Responded to same | 0.30 |
| 3/26/2007 | Reviewed numerous client emails on review of and suggestions for response to aTF affidavit and pleading; Discussed same w/ M Malsch | 0.60 |
| 3/28/2007 | Reviewed T. Barber's critique of Schatzer affidavit; Reviewed M Bundick's outline for conference call | 0.30 |
| 4/2/2007 | Review numerous emails from clients on Shatzer affidavit and Q&A for Rosenfield affidavit | 0.50 |

| Date | Description | Time |
|------|-------------|------|
| 4/6/2007 | Extensive work on G Rosenfield affidavit from emails and input from client and experts; Complete first draft of affidavit; review/edit/redline first draft of our reply brief; email M Malsch re same | 6.60 |
| 4/9/2007 | Tel/calls to and from M Malsch re finalization of affidavit and reply brief; Edit/redline and comment on same; review client emails on administrative record cites; review M Malsch's redrafted version of Rosenfield affidavit; tel/call from G Rosenfield re his affidavit; review late-drafted McCreary affidavit; email M Malsch re same; review/edit final reply brief; email J Bromfield re filing of same | 5.50 |
| 4/10/2007 | Work w/ M Malsch and clients to complete and file final reply brief and Rosenfield affidavit; discuss McCreary affidavit w/ M Malsch; review same; review ATF's Reply Brief; review/respond to emails from K Good, M Malsch and M Bundick re same | 2.00 |
| 4/11/2007 | Respond to client requests for feedback on ATF's Reply Brief ; discuss same w/ M Malsch | 0.50 |
| 4/24/2007 | Discuss w/ M. Malsch response to J. Lyons on deletion of her footnote No. 1; review text of letter re same | 0.20 |
| 4/26/2007 | Review/comment on letter to Jane Lyons on footnote 1; discuss same w/ M Malsch | 0.20 |
| 4/30/2007 | Discuss resolution of Footnote I issue with M. Malsch and review filing on same | 0.10 |
| 5/1/2007 | Review J. Lyons filing of errata to court on Footnote No. 1; tel/call from M Malsch re same | 0.30 |
| 5/2/2007 | Review M. Malsch memo to client on success of ATF errata filing. | 0.10 |
| 6/18/2007 | Respond to email re hearing schedule | 0.10 |
| 7/3/2007 | Review/respond to emails from M. Bundick and K. Goode re attendance at July 27 hearing before Judge Walton and possibility this will convert to oral argument on summary judgment | 0.30 |
| 7/5/2007 | Respond to client questions on 7/27 hearing. | 0.20 |
| 7/18/2007 | Email clients re 7/27 hearing. | 0.10 |
| 7/26/2007 | Tel/call from M. Malsch re cancellation of hearing. | 0.10 |
| 8/10/2007 | Respond to client inquiry on Judge Walton's activities. | 0.10 |
| 8/24/2007 | Review/comment on draft joint statement from clients concerning status of litigation | 0.30 |
| 8/31/2007 | Respond to K. Good's questions about Walton hearing and whether to release statement to members | 0.10 |
| | **Total:** | 38.42 |
| **2008** | | |
| | None. | |
| **2009** | | |
| | None. | |

## Fees for Joseph R. Egan from 2/10/06 to present:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2006 | 24 | 163.85 | 3,932.40 |
| 2007 | 38.42 | 169.78 | 6,522.95 |
| 2008 | 0 | 177.46 | 0 |
| 2009 | 0 | 176.34 | 0 |
|  |  | **TOTAL** | 10,455.35 |

# Time Records of John W. Lawrence

| Date | Description | Time |
|------|-------------|------|
| **2006** | | |
| | None. | |
| **2007** | | |
| | None. | |
| **2008** | | |
| 9/22/2008 | Review email messages from M. Malsch with respect to drafting motion for an oral hearing; phone call with M Malsch w/ respect to same; review FRCP 56 and research same on Lexis fro standards to support motion for hearing; review Tripoli/NAR v ATF case sheet for status and key dates; prepare Motion for Hearing on Plaintiff's Motion for Summary Judgment on Count One of Their Third Amended Complaint | 2.90 |
| 9/23/2008 | Review motion for summary judgment filed in January 2007; finalize motion for hearing pleading by incorporating background information from motion for summary judgment; review and incorporate proposed changes from M Malsch | 1.40 |
| 9/24/2008 | Email messages with M. Malsch with respect to reasons for requesting hearing; finalize hearing motion for review and approval by clients | 0.70 |
| 9/26/2008 | Tel/call w/ J. Lyons (Assistant U.S. Attorney) to discuss government's on motion for hearing; finalize hearing motion and provide to M Malsch for filing; prepare notice of appearance for J Lawrence and withdrawal of appearance for J Egan after checking DC Court local rules with respect to same | 1.00 |
| | **Total:** | 6.00 |
| **2009** | | |
| | None. | |

## Fees for John W. Lawrence from 2/10/06 to present:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2006 | 0 | 163.85 | 0 |
| 2007 | 0 | 169.78 | 0 |
| 2008 | 6 | 177.46 | 1,064.76 |
| 2009 | 0 | 176.34 | 0 |
| | | **TOTAL** | 1,064.76 |

# Fees for Egan, Fitzpatrick, Malsch & Lawrence

| Lawyer | Fee |
|--------|-----|
| Egan | 10,455.35 |
| Lawrence | 1,064.76 |
| Malsch | 30,356.51 |
| | |
| TOTAL | 41,876.62 |

# Itemized Costs for
# Egan, Fitzpatrick, Malsch & Lawrence

| Invoice Date | Itemized Expenses | Amount |
|---|---|---|
| 3/7/2006 | Westlaw | $501.81 |
| 3/7/2006 | Copies | $17.20 |
| 4/12/2006 | Copies | $8.60 |
| 9/11/2006 | Westlaw | $190.87 |
| 11/5/2006 | Copies | $6.40 |
| 12/4/2006 | Reproduction-Encore | $437.84 |
| 12/4/2006 | Reproduction-Encore | $45.00 |
| 1/9/2007 | Copying Cost | $19.20 |
| 1/9/2007 | Westlaw | $452.78 |
| 2/5/2007 | Copying cost | $2.40 |
| 2/5/2007 | Westlaw (Legal Research) | $1,098.17 |
| 4/11/2007 | Service Fee - Soundpath Legal Conferencing (3/1/2007) | $8.49 |
| 4/11/2007 | Westlaw (Legal Research) (Feb 2007) | $873.29 |
| 4/11/2007 | Westlaw (Legal Research) (Mar 2007) | $870.21 |
| 5/17/2007 | Westlaw (Legal Research) | $437.69 |
| 4/8/2009 | Lexis | $465.12 |
| 6/22/2009 | Computer Research (April 2009) | $14.21 |
| 6/22/2009 | Lexis (May 2009) | $235.87 |
| 7/27/2009 | Computer Research (June 2009) | $513.80 |
| 8/27/2009 | Lexis (July 2009) | $665.89 |
| 9/25/2009 | Computer Research (August 2009) | $63.37 |
| | | |
| | **Total:** | **$6,928.21** |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRIPOLI ROCKETRY                         )
ASSOCIATION, INC., and                   )
NATIONAL ASSOCIATION                     )
OF ROCKETRY                              )
                                         )
                    Plaintiffs,          )
                                         )
v.                                       )     Civil Action No. 00-0273
                                         )
BUREAU OF ALCOHOL,                       )
TOBACCO, FIREAREMS &                     )
EXPLOSIVES,                              )
                                         )
                    Defendant.           )

## SUPPLEMENTAL DECLARATION OF RUTH EISENBERG IN SUPPORT OF TRIPOLI ROCKETRY ASSOCIATION'S AND NATIONAL ASSOCIATION OF ROCKETRY'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Under penalty of perjury, I, Ruth Eisenberg, declare as follows:

1.     I am writing this declaration to supplement the Declaration I submitted in connection with plaintiffs' motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, filed June 15, 2009.

2.     I spent in excess of 46.1 total hours assisting with the preparation of the plaintiffs' Original Motion and the reply to the government's opposition to that motion. At the EAJA rate of $176.34 per hour, that is $8129.27 in attorneys' fees. This figure does not include any time spent on the amended motion for fees and costs, for which plaintiffs are not seeking compensation.  An itemized statement of the time I spent on the case, based on my contemporaneous time records, is attached to this Declaration.

3.      The statutory EAJA fee for the type of work I performed is $125/hour,
augmented by a cost-of-living adjustment to $176.34/hour.  This calculation is explained
in more detail in plaintiffs' initial motion at pp. 29-30.

4.  For the reasons set out in the amended motion, plaintiffs seek to be
compensated for three-quarters of my time spent on the fees on fees litigation.  At the rate
of $176.34/hour, three-quarters of my time amounts to $6,096.95.

5.  Matthew Fraser, who was an associate at this firm, is no longer employed here.
I have reviewed the billing records for Mr. Fraser's legal fees expended on this case.

6.      Mr. Fraser spent in excess of 187.1 total hours assisting with the
preparation of the plaintiffs' initial motion and the reply to the government's opposition
to that motion.  At the EAJA rate of $176.34 per hour, that is $32,993.21 in attorneys'
fees. That figure does not include approximately 15 hours for which we are not seeking
compensation.  An itemized statement of the time Mr. Fraser spent on the case, based on
his contemporaneous time records, is attached to this Declaration.

7.      The statutory EAJA fee for the type of work Mr. Fraser performed is
$125/hour, augmented by a cost-of-living adjustment to $176.34/hour.  This calculation is
explained in more detail in plaintiffs' initial motion at pp. 29-30.

8.  For the reasons set out in the amended motion, plaintiffs seek to be
compensated for three-quarters of Mr. Fraser's time spent on the fees on fees litigation.
At the rate of $176.34/hour, three-quarters of Mr. Fraser's time amounts to $24,744.91.

I declare, under penalty of perjury, that the foregoing facts are true and correct to the best of my knowledge, and that any expressions of opinion are based on my best professional judgment.

Ruth Eisenberg

April 16, 2010

# Time Records of Ruth Eisenberg

| Date | Description | Time |
|------|-------------|------|
| 4/2/2009 | Research due date for Tripoli Rocketry EAJA application | 1.7 |
| 4/28/2009 | Discuss EAJA research with Matt | 0.2 |
| 5/19/2009 | Meeting with Matt re: status of research; begin reviewing file | 0.6 |
| 5/20/2009 | Read court decisions | 0.5 |
| 5/26/2009 | Complete review of record; confer with Matt re: research assignments | 3.3 |
| 5/27/2009 | Begin case law review; confer with Matt re additional research and legal arguments; telephone call with Marty Malsch | 1 |
| 5/29/2009 | Brief review of invoices and discuss with Matt | 0.2 |
| 6/1/2009 | Meeting with Diane re: time records and affidavits | 0.7 |
| 6/2/2009 | Confer with Matt re status of EAJA application and discuss legal issues | 0.2 |
| 6/3/2009 | Review and edit draft EAJA application | 1.7 |
| 6/5/2009 | Finish reading draft brief; meeting with Diane and Matt re: brief and affidavits; email to Marty re affidavits; legal research on standards for timekeeping | 1.9 |
| 6/6/2009 | Editing first draft of EAJA application | 2.4 |
| 6/8/2009 | Review latest draft of brief; confer with Matt re legal arguments on rate and reasonableness of hours; review case law on rate and number of hours; telephone call with Martin Malsch; legal arguments for market rates and content of affidavits; review and comment on draft Malsch affidavit | 1.9 |
| 6/9/2009 | Review and edit next draft of EAJA motion and discuss with Matt; review time and exercise billing judgment; revising Malsch affidavit | 4.8 |
| 6/10/2009 | Working on Malsch and Curran Declarations; telephone call with Marty Malsch | 3.6 |
| 6/11/2009 | Finalize Declarations | 0.2 |
| 6/12/2009 | Revise declarations; review almost final draft of application | 1 |
| 7/22/2009 | Review fees opposition; discuss legal arguments with Diane and Matt; review and revise strategy memo | 2 |
| 7/23/2009 | Telephone call with Marty and confer with Diane and Matt re reply strategy | 0.6 |
| 7/28/2009 | Read government's opposition | 1.4 |
| 7/29/2009 | Work on EAJA reply brief; meeting w/ Matt to discuss strategy and management of project | 0.7 |
| 7/30/2009 | Continue researching and formulating response to Rule 7(m) issue for reply brief | 4.2 |
| 8/3/2009 | Additional research on Rule 7(m) argument; draft argument | 4.4 |
| 8/4/2009 | Working on reply brief- 7(m) issue, substantial justification issue and enhanced rates issues | 3.5 |
| 8/5/2009 | Editing reply brief | 1.2 |
| 8/6/2009 | Confer with Diane and Matt re reply brief; edit brief | 2.2 |
| | | |
| | **TOTAL** | 46.1 |

## Total Fees for Ruth Eisenberg from 2/10/06 to present:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2006 | 0 | 163.85 | 0 |
| 2007 | 0 | 169.78 | 0 |
| 2008 | 0 | 177.46 | 0 |
| 2009 | 46.1 | 176.34 | $8,129.27 |
| | | **TOTAL** | $8,129.27 |

# Time Records of Matthew Fraser

| Date | Description | Time |
|---|---|---|
| 4/27/2009 | Met with Ruth Eisenberg to discuss case management and strategy; communicated with DC District court regarding requirements for filing request for attorney's fee under Equal Access to Justice Act; performed legal research regarding requirements for filing request for attorney's fees under Equal Access to Justice Act | 3.6 |
| 4/28/2009 | Performed legal research regarding requirements for requesting attorney's fees under Equal Access to Justice Act; reviewed case history and record | 1.9 |
| 4/29/2009 | Reviewed case history and documents; performed legal research regarding requirements for filing request for attorney's fees under EAJA; began drafting motion for request for attorney's fees under EAJA | 5.3 |
| 5/5/2009 | Performed PACER search for relevant Tripoli case documents and reviewed those documents; reviewed other EAJA fee petitions; performed research on case law; began drafting fee petition | 4.6 |
| 5/6/2009 | Began drafting motion for attorney's fees and costs; performed research for EAJA case law; reviewed 6-24-02 District Court opinion on the case | 5.3 |
| 5/7/2009 | Drafted motion for attorney's fees and costs under EAJA; performed research for applicable DC Circuit case awl; reviewed case history | 2.2 |
| 5/8/2009 | Research DC Circuit case law regarding award of attorneys' fees under EAJA; reviewed relevant documents from Tripoli rocketry case | 1.3 |
| 5/19/2009 | Met with Ruth Eisenberg to discuss case status and strategy | 0.3 |
| 5/22/2009 | Met with Ruth Eisenberg to discuss case status; reviewed case law regarding standard in DC Circuit for when the government's position is "substantially justified" | 0.8 |
| 5/26/2009 | Researched and reviewed case law on when government's position is "substantially justified;" researched, compiled and reviewed relevant documents from the case history in order to determine whether government's position was substantially justified; performed research on standard in DC Circuit for being considered a "prevailing party" | 5.5 |
| 5/27/2009 | Researched DC Circuit and Supreme Court case law concerning when a party is entitled to attorneys' fees under EAJA for unsuccessful claims; researched case law regarding standing in DC Circuit for when attorney qualifies for enhanced fee rates; reviewed case history; drafted petition for attorneys' fees and costs | 6.8 |
| 5/28/2008 | Drafted petition for attorneys' fees under EAJA; performed legal research regarding standards in DC Circuit for determining the "prevailing party" and whether the government's position is "substantially justified."  Reviewed facts of the case and prior rulings in the case from case history.  Met briefly with Ruth Eisenberg to discuss case status | 6.9 |

| Date | Description | Time |
|---|---|---|
| 5/29/2009 | Drafted petition for attorneys' fees under EAJA.  Performed research on standard in DC Circuit awarding enhanced fees.  Reviewed case law concerning standards for "prevailing party" and "substantially justified."  Reviewed case history to identify important facts and rulings.  Reviewed affidavits submitted in support of an EAJA petition in another case. | 6.3 |
| 6/1/2009 | Drafted and edited petition for attorneys' fees under EAJA; drafted argument regarding why plaintiffs qualify as "prevailing party" under DC Circuit law for each count of their complaint; reviewed DC Circuit legal standard for awarding fees to prevailing party for work performed on unsuccessful claims. | 4.7 |
| 6/2/2009 | Drafted petition for attorneys' fees under EAJA/  Reviewed DC Circuit case law; developed argument regarding prevailing party and substantial justification; reviewed DC Circuit Court of Appeals opinions | 7.4 |
| 6/3/2009 | Drafted petition for attorneys' fees under EAJA.  Drafted argument regarding substantial justification of government's position; reviewed DC Circuit case law on substantial justification.  Reviewed DC Circuit case law on substantial justification and reasonable billing practices; met with Ruth Eisenberg to discuss case status | 7.2 |
| 6/4/2009 | Drafted petition for attorneys' fees under EAJA.  Drafted argument regarding substantial justification of government's position; reviewed DC Circuit case law on substantial justification.  Reviewed DC District Court opinions in the case; reviewed briefs submitted by plaintiffs and defendant tot he DC Circuit Court of Appeals; reviewed plaintiff's motion for summary judgment on Count One of 3rd Amendment Complaint. | 4.5 |
| 6/5/2009 | Drafted petition for attorneys' fees under EAJA.  Drafted and revised argument regarding reasonableness of hours spent by counsel on the case and the rates charged.  Performed legal research re: the same.  Reviewed billing records of counsel to identify time and tasks that should not be included in the petition.  Coordinated admin staff assistance with editing of counsel's time records.  Met with R Eisenberg and D Curran to discuss status of motion. | 7.3 |
| 6/7/2009 | Drafted and revised petition for attorneys' fees and costs under EAJA.  Revised factual and procedural background section; drafted section on special circumstances; continued drafting argument on reasonableness of counsel's hours.  Coordinated admin staff assistance with revising billing records to eliminate any | 4.8 |
| 6/8/2009 | Drafted petition for attorneys' fees and costs under EAJA; drafted sections on special factor and cost-of-living fee increases; performed legal research re: same.  Met with R Eisenberg to discuss motion status and strategy; reviewed DC Circuit and Supreme Court case law re compensable time for counsel and paralegals; coordinated admin staff assistance in editing time records; coordinated with paralegal for assistance with legal research on permissible billing under EAJA for paralegal's time | 9.8 |

| Date | Description | Time |
|------|-------------|------|
| 6/9/2008 | Drafted and revised motion for attorneys' fees and costs under EAJA. Drafted argument on cost-of-living fee increase; reviewed DC Circuit case law re: same; teleconference with R Eisenberg and colleagues to discuss computation of CPI-U for Washington D.C. area during period in which Tripoli case was active; performed internet research for CPI-U tables and updated Laffex matrix; coordinated with admin staff to edit counsel's time records; reviewed draft motion for accuracy of citations | 10.3 |
| 6/10/2009 | Finished drafting and editing of brief for attorneys' fees and costs under EAJA. Edited content of brief; reviewed brief to ensure accuracy of legal citations; reviewed billing records for accuracy and completion; reviewed and edited declarations to be submitted with brief; calculated rates for attorneys' fees under EAJA rate of $125/hour adjusted for increased cost of living since 1996; coordinated efforts of paralegals and admin staff in preparing brief and time records for final submission | 9.9 |
| 6/11/2009 | Finalized brief and time records for filing. Made final edits to brief; reviewed citations for accuracy and completeness; performed final edits to time records; coordinated and supervised admin staff assistance with preparation of time records. | 6.6 |
| 7/22/2009 | Reviewed ATFE's response brief; met with R Eisenberg and D Curran to discuss legal strategy for developing reply brief; researched and reviewed case law relied on by ATFE; researched case law concerning Local Rule 7(m) and whether initial EAJA motion constitutes a "non-dispositive" motion. | 7.3 |
| 7/23/2009 | Continued with research of case law concerning Rule 7(m) and reviewed case law regarding substantial justification. Phone conference with M Malsch, R Eisenberg and D Curran re strategy for reply memorandum. Calculated new fee request based on time identified in ATFE's brief as noncompensable under EAJA. Reviewed court rules regarding filing of reply memorandum. Began drafting reply memorandum. | 6.4 |
| 7/24/2009 | Continued with draft of reply memorandum. Drafted introduction an argument re substantial justification. Drafted motion for extension of time to file reply memorandum. Reviewed motions for extension of time filed by ATFE and forwarded to M Malsch. | 4.9 |
| 7/27/2009 | Coordinated work of admin staff to develop revised fee request in anticipation of settlement negotiations with ATFE; reviewed EAJA case law to identify all noncompensable fees and costs; continued with draft of reply memorandum | 7.1 |
| 7/28/2009 | Performed legal research on standard for "substantial justification" in DC Circuit, and statutory history for FRCP concerning referral of dispositive/nondispositive matters to magistrate judges; drafted reply argument regarding whether ATEF's position as substantially justified | 4.6 |

| Date | Description | Time |
|------|-------------|------|
| 7/30/2009 | Continued with draft of reply brief; finished and revised argument concerning enhanced EAJA fees; performed legal research regarding standard for reasonableness of hours; drafted argument concerning reasonableness of hours spent on the litigation and preparation of EAJA fee motion by attorneys | 5.4 |
| 8/3/2009 | Reviewed edits to reply brief by D Curran and R Eisenberg and edited brief; assisted R Eisenberg with legal research on whether EAJA fee motion is dispositive; drafted declaration of M Malsch that Plaintiffs have paid full amount of legal fees; reviewed relevant case law on difference between EAJA fee motion and award of attorneys' fees as sanctions; reviewed case law cited in ATFE's brief in order to distinguish those cases from the present one | 3.3 |
| 8/4/2009 | Continued with draft of EAJA reply brief.  Edited and revised arguments on dispositive/nondispositive motions; reasonableness of hours submitted; and substantial justification of BATFE's position. | 6.6 |
| 8/5/2009 | Completed draft of EAJA reply brief; revised and edited arguments; drafted conclusion; reviewed legal citations and fee calculations for accuracy | 3.8 |
| 8/6/2009 | Edited and revised draft reply brief; revised arguments on whether government's position was substantially justified and applicability of Local Rule 7(m); edited declaration of M Malsch and sent to same for review; edited and revised billing records to be submitted with reply | 6.3 |
| 8/7/2009 | Reviewed draft replay brief to ensure accuracy of legal citations; made edits and revisions to arguments; sent to M Malsch for review | 1.6 |
| 8/10/2009 | Made final edits and revisions to reply brief; checked for accuracy of citations; finalized amended billing records; drafted Motion for Leave to file Supplemental Motion for Attorneys' Fees; sent reply memorandum and Motion for Leave to M Malsch for filing w/ court | 6.5 |
|  |  |  |
|  | TOTAL | 187.1 |

## Total Fees for Matthew Fraser from 2/10/06 to present:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2006 | 0 | 163.85 | 0 |
| 2007 | 0 | 169.78 | 0 |
| 2008 | 0 | 177.46 | 0 |
| 2009 | 187.1 | 176.34 | $32,993.21 |
|  |  | TOTAL | $32,993.21 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRIPOLI ROCKETRY                          )
ASSOCIATION, INC., and                    )
NATIONAL ASSOCIATION                      )
OF ROCKETRY                               )
                                          )
                 Plaintiffs,              )
                                          )
v.                                        )        Civil Action No. 00-0273
                                          )
BUREAU OF ALCOHOL,                        )
TOBACCO, FIREAREMS &                      )
EXPLOSIVES,                               )
                                          )
                 Defendant.               )

## SUPPLEMENTAL DECLARATION OF DIANE CURRAN IN SUPPORT OF TRIPOLI ROCKETRY ASSOCIATION'S AND NATIONAL ASSOCIATION OF ROCKETRY'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Under penalty of perjury, I, Diane Curran, declare as follows:

1.      I am writing this declaration to supplement the Declaration I submitted in

connection with plaintiffs' motion for attorney's fees and costs pursuant to the Equal

Access to Justice Act, filed June 15, 2009 (Original Motion).

2.      I spent in excess of 14 total hours assisting with the preparation of the

plaintiffs' Original Motion and the reply to the government's opposition to that motion.

At the EAJA rate of $176.34 per hour, that is $2468.76 in attorneys' fees. That figure

does not include any time spent on the amended motion for fees and costs, for which we

are not seeking compensation.  It also does not include time for which billing judgment

was exercised.  An itemized statement of the time I spent on the case, based on my contemporaneous time records, is attached to this Declaration.

3.　　The statutory EAJA fee for the type of work I performed is $125/hour, augmented by a cost-of-living adjustment to $176.34/hour.  This calculation is explained in more detail in plaintiffs' original motion at pp. 29-30.

4.  For the reasons set out in the Amended Motion, plaintiffs seek to be compensated for three-quarters of my time spent on the fees on fees litigation.  At the rate of $176.34/hour, three-quarters of my time amounts to $1851.57.

I declare, under penalty of perjury, that the foregoing facts are true and correct to the best of my knowledge, and that any expressions of opinion are based on my best professional judgment.

Diane Curran

April 16, 2010

# Time Records of Diane Curran

| Date | Description | Time |
|---|---|---|
| 6/5/2009 | Review and edit draft fee petition; confer w/ Ruth and Matt re: same | 1.5 |
| 6/8/2009 | Prepare declaration for fee petition; discuss enhanced fee standard w/ Ruth Eisenberg | 0.5 |
| 6/10/2009 | Review and edit final drafts of Malsch declaration, EAJA petition | 3 |
| 7/22/2009 | Research for EAJA reply on local Rule 7(m); confer with Ruth and Matt re: same | 6 |
| 8/1/2009 | Edit draft reply | 1 |
| 8/7/2009 | Final edits to reply; discuss with Marty Malsch, Ruth, Matt | 2 |
| | TOTAL | 14 |

## Fees for Diane Curran from 2/10/06 to present:

| Year | Time | Rate | Amount |
|---|---|---|---|
| 2006 | 0 | 163.85 | 0 |
| 2007 | 0 | 169.78 | 0 |
| 2008 | 0 | 177.46 | 0 |
| 2009 | 14 | 176.34 | $2468.76 |
| | | TOTAL | $2468.76 |